# The City of Philadelphia *versus* Eastwick.

Under an authority to a municipal corporation, to curb and pave a public highway, and to file liens for the expense thereof against the lots of ground *fronting* thereon, a lien cannot be supported against a lot, which is separated from such highway, by a railway running side by side therewith.

ERROR to the District Court of *Philadelphia.*

This was an amicable *scire facias* on a municipal claim for $539.83, filed by the city of Philadelphia, for the use of Matthew Thompson, against Andrew M. Eastwick, for paving the Gray's Ferry road opposite the defendant's property. The parties agreed upon the following case stated :—

"This is a *scire facias* upon a municipal claim for paving done prior to and ending on the 23d day of December 1854. The claim was filed on the 15th June 1855. The description of the lot against which the lien is filed, is as follows : All that certain lot or piece of ground situate on the southwardly side of the Gray's Ferry road, in late the district of Moyamensing, now the First Ward of the city of Philadelphia; beginning on the said road at a corner of land of Dr. Samuel Thomas, thence extending southwardly by the said land, on a line parallel with Maiden lane, 287 feet; to a corner; thence eastwardly, by other land of the said Andrew M. Eastwick, 241 feet, to Maiden lane; thence northwardly, along the west side of the said Maiden lane, 287 feet, to the said Gray's Ferry road; and thence westward, along said road, 241 feet, to the place of beginning.

"The said paving has been done pursuant to the provisions of

[The City of Philadelphia *v.* Eastwick.]

the following section of an Act of Assembly of the Commonwealth of Pennsylvania, passed March 26th, 1851. (*Pamph. L.* 252.)

" 'The Board of Commissioners of the District of Moyamensing shall proceed without delay to regulate, curb, and pave the Gray's Ferry road in said district, from the junction of Federal street and the Gray's Ferry road, to the abutment of the Gray's Ferry bridge, and to charge the expenses of curbing and paving to the owners of property fronting thereon, in proportion to the actual front owned by each. The said commissioners shall have power to file their lien on the property, for the amount due by each owner, by reason of the said curbing and paving, in like manner as liens for curbing and paving are now filed; and shall have and possess all such legal rights and remedies for the recovery thereof, as they now have and possess for the recovery of claims for curbing and paving.'

" It is agreed, that said work was done within the six months prior to the 23d of December 1854, by said Matthew Thompson, under a contract with the commissioners of Moyamensing, and that the value of the said paving and materials is one dollar per square yard.

" In the year 1838, The Philadelphia, Wilmington and Baltimore Railroad Company located their railroad along the south side of the Gray's Ferry road, from the bridge over the Schuylkill, eastward about two-thirds of a mile, whence it curves into Prime street, and for that purpose have used and still continue to use and occupy a strip of between 40 and 50 feet in breadth, along the whole front of defendant's lot. After the location of the road, the then owner made a deed to the railroad company for this strip of ground; and thereby granted, bargained, sold, and conveyed unto the said company, their successors and assigns, the full and free right, liberty, and privilege to make, construct, and for ever maintain and use their said railroad, upon and through the above-mentioned land of defendant, so long as required for such railroad, where the same has been located by said company; to have and to hold all and singular the rights, liberties, and privileges above mentioned, with the appurtenances, unto the said company, their successors and assigns, to the only proper use and behoof of the said company, their successors and assigns for ever. It is further agreed, that the said defendant has no access to the said Gray's Ferry road from the front of his lot except by crossing this strip of ground used and occupied by the said railroad. It is further agreed, that the said plaintiff, to the use of said Matthew Thompson, on the 2d day of May, 1855, filed in said District Court, to March Term 1855, No. 151, a lien against the Philadelphia, Wilmington and Baltimore Railroad Company, owners or reputed owners of all that lot or piece of ground occupied by the road of said company, situate on the

[The City of Philadelphia v. Eastwick.]

southwardly side of Gray's Ferry road, beginning at the westerly side of Maiden lane, and from thence extending westwardly along the said Gray's Ferry road 1005 feet, and being of the length, breadth, or depth southward 47 feet or thereabouts, part of which said strip of land is included in the lot of land and premises described in the lien and claim now sued upon, in which said last-mentioned lien was included the paving and materials, the cost and expenses of which is sought to be recovered by this suit; and on the 2d of May 1855, an amicable *scire facias* was entered upon the same, and on the 5th of January 1856, judgment rendered therein for defendants, which judgment on writ of error, sued out by the plaintiff, was affirmed by the Supreme Court. (9 *Casey* 41.)

"If, upon the foregoing facts, the opinion of the court is in favour of the plaintiff, then judgment is to be entered for plaintiff, and the damages assessed at $449.86, with interest thereon from the 23d of December 1854. But if the opinion of the court is with the defendant, then judgment to be entered for defendant, the costs to follow the judgment, and each party reserves the right to sue out a writ of error."

The court below gave judgment for the defendant on the case stated; whereupon, the plaintiff sued out this writ, and here assigned the same for error.

*A. Miller*, for the plaintiff in error.

*Lex* and *J. B. Townsend*, for the defendant in error.

The opinion of the court was delivered by

Read, J.—Under the provisions of their charter, The Philadelphia, Wilmington, and Baltimore Railroad Company, in the year 1838, located their railroad on the south side of the Gray's Ferry road, in the township of Passyunk, afterwards the district of Moyamensing, through a piece of land belonging to Deborah Bingham and others; who, on the 26th June in the same year, by deed, conveyed to the said company, the full right and privilege to construct and for ever maintain and use their said railroad through the said land, so long as required for such railroad. They also released the said company from all damages and compensation to which they were entitled, for the sum of $2000; and, in consideration of the advantages to them of said railroad, and of the payment of the said sum of money, agreed to erect and for ever repair, support, and maintain, without further charge to the said company, a good and substantial four-railed fence or other lawful fence, on each side of the said railroad as far as their lands bounded on the same.

By the 6th section of an Act passed 26th March 1852, *P.*

*Laws* 252, the board of commissioners of the district of Moyamensing were to proceed without delay to regulate, pave, and curb the Gray's Ferry road in said district, from the junction of Federal street and the Gray's Ferry road, to the abutment of the Gray's Ferry bridge, and to charge the expense of curbing and paving to the owners of property fronting thereon, in proportion to the actual front owned by each—they were empowered to file liens, and to have the legal rights and remedies for recovery thereof, as they then had for the recovery of claims for curbing and paving—"the expense of regulating and grading of the sidewalks and the main street to be borne by the district of Moyamensing."

The paving was done in 1854, under a contract made by the commissioners after the passage of the Consolidation Act, but just previous to the merger of their powers in the new corporation of the city of Philadelphia. The city of Philadelphia, in 1855, filed two liens for this paving, one against the railroad company, as owner or reputed owner, against the strip of ground occupied by the railroad, being 2046 feet in front on the Gray's Ferry road, and 47 feet in depth or thereabouts; the other being the present one, against the present defendant below, owner or reputed owner of a lot 241 feet on the said road, by 287 feet deep.

The first lien includes the 241 feet lot for the depth of 47 feet from the Gray's Ferry road, and the second lien describes the lot as if no railroad were located over it. It was decided by this court in the case of The City of Philadelphia *v.* The Philadelphia, Wilmington, and Baltimore Railroad Company, 9 *Casey* 41, that the lien against the company could not be supported. "It would be strange legislation," says the Chief Justice, "that would authorize the soil of one public road to be taxed in order to raise funds to make or improve a neighbouring one."

By the 15th section of the Act of the 2d April 1831, *P. Laws* 359, it is enacted that the railroad shall be esteemed a public highway for the conveyance of passengers and transportation of merchandise and commodities; and HOLROYD, J., in 2 *B. & Ald.* 648, says, "A railway is a public highway to be used in a particular mode."

In England, and in some of our cities, and also along the lines of some of our railroads in the interior, fences are placed on both sides of the railway for the security not only of those using the road, but of the public, and this contingency is provided for in the deed granting the right of way to the company. It is clear, that the only access to the Gray's Ferry road, from Mr. Eastwick's lot, is across the railroad, which may be fenced up at any moment. We are unable, indeed, to see how it can be said that this lot fronts on the Gray's Ferry road, when its real front is on another public highway, the railroad 47 feet south of it.

[The City of Philadelphia *v.* Eastwick.]

Upon this simple ground, and without entering into the question how far our former decision should affect the present proceeding, we are of opinion that there is no lien on the lot of the defendant for the expenses of paving any part of the Gray's Ferry road.

Judgment affirmed.