112 494
139 490
112 494
159 35
112 494
169 455
112 494
190 416
112 494
197 474

112 494
38SC 389

## Alcorn *versus* The City of Philadelphia.

A municipality in paving a street, at the cost of the owners of the property fronting thereon, adopted a plan of leaving eight feet in the centre of the street unpaved for trees and shrubbery. After a number of years the plan was changed, and the said eight feet in the center of the street was paved. *Held* on a *scire facias sur* municipal claim for paving said eight feet that it was an original improvement, and the owners of the property fronting on said street were liable for the cost thereof.

March 30th, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 2, of *Philadelphia county*: Of July Term, 1885, No. 179.

The action was a *scire facias sur*, a municipal claim for paving the centre of Broad street, in front of a lot of ground belonging to the defendant. The claim was for $603.52. The defendant pleaded specially that the paving for which claim was filed was not an original improvement, but a substitute for an improvement already made.

The facts of the case as they appeared on the trial before MITCHELL, J., are sufficiently set out in the opinion of the Supreme Court.

The defendant presented the following points, all of which were declined by the court:

1. That if they believe that Broad street, in front of the defendant's lot, was, in or about the year 1855, as here alleged, improved by the paving of the roadway on either side of the centre space or park with cobble stones, and by the filing in of the park with gravel, and the curbing thereof, and that the owner of the property paid for the same, the present claim is invalid, and their verdict should be for the defendant.

2. That if they believe that in or about the year 1866 the central part of Broad street, called the park or boulevard, was macadamized, the present claim is invalid, and their verdict should be for the defendant.

3. That the fact that the defendant signed a petition to the councils asking that the central part of Broad street be paved with Belgian blocks, cannot prejudice his claim here that he is not to be charged with the cost thereof in front of his lot.

4. That municipal claims are taxation for local benefits, and if the jury believe that the work for which this claim was filed was not a benefit to the lot of the defendant, their verdict should be for the defendant, although the public at large may have been benefited.

5. That inasmuch as the assessments of the property on Broad street, including this property of the defendant, are

lower at this time than they were in 1878, the evidence is conclusive that the property has not been benefited, and their verdict should be for the defendant.

6. That as the Act of March 23d, 1866, which authorized the improvement of Broad street, intended the said street as a public drive, and the improvement thereof for the public benefit, the paving at Broad and Wharton streets, for which this claim is made, having been in pursuance of the said Act, was not a local benefit to the said property, and should not be charged thereon, and, therefore, the verdict of the jury should be for the defendant.

7. That under the evidence in this cause their verdict should be for the defendant.

The jury, under the direction of the court, found a verdict for the plaintiff for $807.50, the trial judge saying:

" I may assume that the question will be reserved, stating all the facts; the admitted fact that the road was graveled in 1855 and was macadamized in 1864 or 1865. I propose to take a verdict for plaintiff, reserving the point whether, those facts being conceded, this charge for the present pavement can be sustained. The jury is directed to find a verdict for the plaintiff for amount stated."

Subsequently the court entered judgment for the plaintiff.

The defendant thereupon took this writ, assigning for error the refusal of his points and the direction of the court to the jury to find their verdict for the plaintiff.

*James Alcorn*, for plaintiff in error.—The paving in 1879 was no improvement to the property charged with the payment of the claim. It would be a local taxation without any local benefit. This, Hammnett v. The City, says cannot be done. We are referred to City of Philadelphia, to use, etc., v. Slocum, 37 Leg. Int., 412. That was the case of the paving of the centre of Lehigh avenue, where market sheds stood. The centre there had never been used as a highway, and had never been improved prior to the paving for which payment was claimed in that case. In fact, it had been reserved for market purposes. Therein is the difference between that case and this. They say that the plaintiff in error is estopped from making any defence to this claim because he signed a petition requesting the paving to be done, and the cases of Bidwell v. City of Pittsburgh, 4 Norris, 412; McKnight v. City of Pittsburgh, 10 Id., 273; Dewhurst v. City of Allegheny, 14 Id., 437; Ferson's Appeal, 15 Id., 140, are cited. This plaintiff in error did sign such a petition, but he says that he did so because the city had so neglected the drive that it became a nuisance, and that he did not intend thereby

to oblige himself to pay for the paving. The testimony of other signers is to the same effect. The petition did not bind them to pay for the paving, nor was the ordinance attached thereto or known to the signers.

David W. Sellers (*Henry C. Terry* with him), for defendant in error.—The following opinion of the court below, MITCH-ELL, J.. discharging a rule for a new trial in this case, is a full and sufficient argument in this case :

" This case presents but a single question, and that one purely of law : Whether, after the city has improved a public street in a particular way, by which the owners of property are charged for the paving of a certain width at each side, and the centre is left unpaved, the city can subsequently pave the centre at the expense of the property holders. On principle, we can see no reason why the city may not make its improvements gradually from time to time, in accordance with the gradual development and necessities of the neighborhood, subject only to the restriction that it shall not twice charge the property holders for the same portion of the street. But the question is no longer open for consideration. Slocum *v.* City of Philadelphia, 11 W. N. C., 167, is precisely this case in principle, and is conclusive of the city's right to recover.

" Some question was made upon the argument of this rule, whether there was not some evidence that the property owners had been charged for the original macadamization of the centre of Broad street, and that the case should therefore have been left to the jury on that point. A portion of Mr. Watts' testimony, as reported in the bill of exceptions, is susceptible, if taken by itself, of such a construction. But that construction would be clearly wrong. Mr. Watts gave no such testimony. The notes of what he said do not profess to be a verbatim report. What he referred to as being assessed upon and paid by the property holders was the pavement of the sides of the street, not the boulevard in the centre, and the only reason this is not made clear in the bill of exceptions is, that the point was not raised at all until after the trial, and after the bill of exceptions had been sealed. The whole evidence in the case shows clearly that no assessment was levied upon the property holders for the improvement of the boulevard in the centre of the street until the paving now in suit. Whatever payments were made for graveling, setting out trees, etc., were voluntary contributions made for their own interest in the enhancement of the value of their properties. The District of Moyamensing had no authority to charge property holders for macadamization, and though the city was subsequently authorized by special statute to make such charge,

no contract was put in evidence, no liens proved, and no testimony given at the trial, of any such authority having been in fact exercised. At the close of the case the judge took it from the jury, on the express ground that the facts were undisputed and the case purely one of law, and no objection was then made by counsel to such action. The exception was not to the judge treating the question as one of law. Counsel for both parties acquiesced in that course. But the losing party excepted to the decision in favor of his adversary, as it was entirely proper he should do, in order to secure his right to a hearing by the Supreme Court. Properly construed, the bill of exceptions goes no farther than this, and though I regret that there should be any possible ambiguity in the bill, yet I do not think it worth while to subject the parties to the delay and expense of another trial on that account.

" Rule discharged."

Mr. Justice TRUNKEY delivered the opinion of the court, April 12th, 1886.

William W. Alcorn and others, owners of properties situate on Broad street, between Federal street and Passyunk avenue, prayed the councils of the city to cause the paving of the middle of the street, the part which had never been paved and had been used as a boulevard or drive, with Belgian blocks; and represented that said part was a nuisance, the dust therefrom in the summer time being intolerable to the residents on either side, and at other seasons said part was almost impassable on account of mud. Thereupon, it seems, an ordinance was passed providing for the paving of said central part of the street, the cost to be paid by the owners of the properties fronting on the street. The claim in this action is for the amount chargeable to the defendant under the terms of the ordinance.

In 1853 the proper municipal officers of the district of Moyamensing, resolved that the plan for the paving of Broad street from Federal street to the south line of the district, be changed so that the central portion between the curbs be thirty-one feet, leaving eighteen feet for sidewalks and twenty-three feet for pebble pavement, on each side of said central part. The sides were paved as thus directed; and the city has paid for paving the sides with Belgian blocks, without attempt to collect the cost thereof from the owners of abutting lots.

The Act of May 3d, 1864, provided that the councils of the city should cause to be commenced, within time for completion by January 1st, 1865, the macadamizing of the centre of Broad street from Washington avenue to Moyamensing avenue. There is no evidence that councils did anything in obedience to that provision. Neither ordinance nor contract is proved.

2 AMERMAN—32

And the oral testimony is too meagre to warrant submission to the jury to find whether the said central part of Broad street had been macadamized under and in pursuance of an ordinance of the city. Whether the alleged macadamizing was paid for out of moneys of the city, or by voluntary contributions, is as immaterial as would be the question, had the ground been occupied for a market, Who paid for the market-house? There is no evidence to justify affirmance of the defendant's first and second points.

In Slocum *v.* The City of Philadelphia, 11 W. N. C., 167, some plots in the centre of Lehigh avenue had been reserved and prepared by the city for market purposes; on either side of these plots the street had been paved and the costs assessed on the abutting lots, the market was duly abandoned, the centre of the street was ordered to be paved and the cost collected from the owners of said lots.. It was contended that there was no liability for two reasons: First, This is not an original paving, the cost of which is to be put upon the property owners; it is a change in the character of the street, similar to the repairing of Broad street. Second, The paving does not come within the Act of February 2d, 1864, sec. 4, which authorizes the imposition of the cost of paving upon the owners of the ground fronting thereon. Judgment was rendered for the city. The principle there decided was properly referred to by the learned judge as conclusive against the plaintiff's right to recover in this case.

It has been settled that "assessments on property peculiarly benefited by local improvements are constitutional;" that the original paving of a street in a city is a local improvement almost exclusively peculiar to the adjoining properties; that when a street is once opened and paved, all the particular benefits to the locality derived from the improvement have been received and enjoyed; and thereafter the repairing of the street must be done by the municipality: Hammett *v.* Philadelphia, 65 Pa. St., 146. Justice SHARSWOOD remarked, that whatever advantage there is in owning property on a wide and handsome street is paid for by the owner in the increased cost assessed upon him for the paving. The principles enunciated in that case have been reiterated and enforced, recently, in the Appeal of the Protestant Orphans' Asylum, 17 W. N. C., 47. The owner shall not be charged for repairing, re-paving, or an improvement of the street after it has been duly paved or macadamized, but he is liable in the first instance for the original improvement. This principle does not apply to country roads, but does without exception to the streets in the city. The fourth and fifth points of the defendant involved an inquiry that could not be submitted to the jury. If the paving was

[Appeal of Lane et al.]

an original improvement the defendant was liable for the proper proportion of the cost, and he is not permitted to defeat recovery on the ground that the improvement was not a local benefit, or that his property, after the improvement, had depreciated in value. The value of real estate in any locality is liable to increase or decrease from various causes, but it is absurd to affirm that the paving of the street on which it fronts makes it of less value. Not a witness on the part of the defendant said that the paving was not a local benefit. The defendant and his neighbors, in their petition to the council, gave strong reasons why the paving would be of peculiar benefit to themselves, and they have not testified that they were mistaken. But be that as it may, the defendant's liability rests on the fact that the paving under the ordinance of 1879 was an original improvement.

Judgment affirmed.