## Harrisburg *v.* Baptist, Appellant.

*Municipal claim—Petition—Estoppel.*

A landowner who petitions the councils of a municipality to pave a street upon which his land abuts, is subsequently estopped to deny the power of councils to do the paving.

*Affidavit of defence—Insufficient averment—Original paving.*

An affidavit of defence to a claim for paving is insufficient which merely avers that the paving referred to in the claim " was not an original paving," without stating when or with what material the street was originally paved.

*Fraud—Misrepresentations as to character of pavement.*

An affidavit of defence to a claim for paving which avers fraud and misrepresentations as to the kind of pavement which was to be laid, must also state by whom the misrepresentations were made or the fraud was committed, or what connection the city's officers or agents or the contractor had therewith.

*Municipal claim—Protest—Paving.*

After a petition has been presented to councils to pave a street with asphalt and councils have adopted a particular method of laying the pavement, a protest by the petitioners against the method adopted by councils is unavailing as a defence to the claim for paving.

*Affidavit of defence—Defective pavement.*

An affidavit of defence to a paving claim, alleging that the pavement is defective, must show (1) in what the inferiority consists, and (2) that the pavement immediately in front of defendant's premises is defective.

Argued May 31, 1893. Appeal, No. 25, May T., 1893, by defendant, Peter Baptist, from order of C. P. Dauphin Co., Sept. T., 1892, No. 471, making absolute rule for judgment for want of a sufficient affidavit of defence. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Rule for judgment for want of sufficient affidavit of defence in scire facias sur municipal claim.

Defendant in his affidavit of defence averred that:

" The paving referred to in the claim filed, was not an original paving of Walnut street, and the defendant is credibly informed, verily believes and expects to be able to prove on the trial that the petition for the paving showed a majority for an asphaltum block pavement, which is usually laid and was expected by the petitioners to be laid, including the defendant, and at the signing it was represented that it would be laid, upon a foundation of sand on the old pavement, making the pavement considerably cheaper than a sheet asphaltum pavement; but that the pavement laid is of asphaltum blocks laid upon an expensive base of hydraulic cement concrete, made more expensive by 30 cents per square yard than sheet asphaltum, and was made so much higher in price than that petitioned for by the defendant and the majority of signers to said petition as to be a fraud upon the petitioners, and to invalidate any claim the city or the contractor might otherwise have had for the paving, the old and solid Macadam pavement on the street even being taken from the street and concrete being put in its place instead of being covered with sand and the asphaltum blocks laid upon it.

" And before the councils of said city of Harrisburg had approved of the contract for said paving, a remonstrance, signed by defendant and others who had signed said petition, was presented to the select council of said city, protesting against the laying of said asphaltum block pavement upon a concrete base, and giving notice that such signers would resist payment of the cost of such pavement so laid, the said remonstrance or protest being presented Aug. 11, 1890, and the paving contract approved by select counsel Aug. 25, 1890, and by common counsel Sept. 8, 1890.

" The pavement laid was not of the kind and materials called for by the specifications, contract and ordinance, in that the 'blocks' were to be 'of the best of their kind in the market and made of first-class materials in the best manner,' but the contractor laid the pavement of asphaltum blocks, such as are termed 'thirds,' far inferior to the best of asphaltum blocks, as the defendant is credibly informed, verily believes, and expects to be able to prove on the trial; but the difference in price between the pavement laid of thirds and of first-class as-

phaltum blocks, the affiant has not been advised of, although considerable, but expects to be able to show on the trial such difference.

" And the defendant submits, that the city of Harrisburg did not in good faith enter into the contract of paving in pursuance of the petition ; that the defendant had remonstrated against such pavement as was called for by the specifications for bids before the councils had approved of the contract; and the contractor did not comply with his contract."

Opinion of court below was as follows, by McPHERSON, J.:

" If this affidavit is intended to raise a question similar to that which was decided in Harrisburg v. Segelbaum, 151 Pa. 172, it is much too meagre. Upon this point no facts at all are averred; we do not know when or with what material the street was originally paved, or by whom the cost was borne. Nothing is stated except that ' the paving referred to in the claim filed, was not an original paving of Walnut street; ' and this is merely the defendant's opinion, the correctness of which (as he gives no facts) we are not able to review. Moreover, even if this averment was sufficient, the defendant is not at liberty to raise the question. He petitioned councils to do this paving and to assess the cost against abutting owners according to the foot-front rule, and he is therefore estopped from denying that councils had the power which he induced them to exercise : Bidwell v. Pittsburgh, 85 Pa. 412, McKnight v. Pittsburgh, 91 Pa. 273 ; Dewhurst v. Allegheny, 95 Pa. 437 ; Ferson's Ap., 96 Pa. 140 ; Pepper v. Philadelphia, 114 Pa. 97.

" The second branch of the defence is misrepresentation and fraud, but the averments on this subject are not sufficiently full and distinct. We are not informed by whom the misrepresentations were made or the fraud was committed, or what connection the city's officers or agents or the contractor had therewith. The affidavit avers that when the petition was signed the defendant ' expected ' that the asphalt blocks would be laid upon a foundation of sand on the pavement, but it does not give the reason for this expectation. If the reason is to be inferred from the further averment that ' it was represented ' that the blocks would be thus laid, we do not find this to be of much help, for we are not advised by whom or to whom these representations were made. It is then averred that, while the pavement, if laid

upon sand, would have been cheaper than sheet asphalt, it was in fact laid upon an expensive base of hydraulic cement concrete, ' made more expensive by 30 cents per square yard than sheet asphaltum, and was made so much higher in price than that petitioned for by the defendant and the majority of the signers to said petition as to be a fraud upon the petitioners,' etc. If the defendant had also told us who committed these alleged fraudulent acts, it would have been much to the point, but he did not see proper to do so. These are examples of the vague and general language of the affidavit, and may sufficiently show that the allegations of fraud are fatally lacking in precision.

" The third ground of defence is a written protest, of which the following is a brief account. The petitioners asked councils to pave the street with 'asphalt block,' leaving details to the discretion of the municipal authorities. There seems to be several methods of laying asphalt block, and councils adopted the one which requires a base of hydraulic cement. Upon learning this fact and before councils had finally ratified the contract (although it had already been awarded by the highway commissioners), the defendant and certain other petitioners signed and presented to select council a paper in which they declared: (We) ' do respectfully protest against placing the blocks on a concrete base. When we signed the petition to your honorable bodies asking that the street be paved with blocks, we did not know that such a base was necessary, and do not now believe the same to be necessary. If the pavement is laid upon a concrete base we pledge ourselves to resist the payment thereof.'

" In our opinion this protest is of no particular importance. The signers still desire to have the pavement; they make no effort to withdraw their names from the original petition; they merely declare that on this question of method they do not agree with the city, and that they will resist payment if their view is not followed. This, however, laid no obligation upon the city. The petition had already given to councils jurisdiction to lay an 'asphalt block' pavement, and this necessarily included the power to choose the method of putting it down, even if the method chosen was not the usual one. This jurisdiction and power the protest does not even attempt to avoid, and it seems clear therefore that, as the good faith of the councils has not been successfully questioned, their choice of methods

was a lawful exercise of discretion, and binds the defendant in spite of his protest. These details must necessarily be left to the municipal authorities.

" This leaves for consideration the fourth ground of defence, namely: Defective workmanship. It is averred that the blocks were to be of the best kind in the market, made of first-class material, in the best manner; whereas the contractor laid the pavements of blocks, ' such as are termed thirds, far inferior to ' the best of asphaltum block,' and at a difference in price of which ' the affiant has not been advised, although considerable.' If the affiant knows that the difference is considerable, one would suppose that he would state it approximately at least; but passing this point, there are two other objections to this defence: First, it does not inform us in what the inferiority of quality consists, but simply gives us the defendant's opinion without the facts upon which it is founded. And second, it does not aver that the pavement in front of the defendant's property, for which alone he is called upon to pay, is in any respect defective or unsatisfactory. This was held to be important at least, if not essential, in Erie City v. Butler, 120 Pa. 374, where a far stronger and fuller affidavit than this was held insufficient; and in Pittsburgh v. MacConnell, 130 Pa. 463.

" We direct judgment to be entered in favor of the plaintiff for want of a sufficient affidavit of defence, the amount to be liquidated by the prothonotary."

Judgment accordingly. Defendant appealed.

*Error assigned* was above order.

*Levi B. Alricks,* for appellant, cited: Boyer v. Reading, 151 Pa. 185; Phila. v. Baker, 140 Pa. 13; Allegheny v. McCaffrey, 131 Pa. 142; Martinez v. Earnshaw, 143 Pa. 486; Kneedler v. Norristown, 100 Pa. 373; 1 Dill. Mun. Corp. § 319; 2 Ib. § 811; Pittsburgh v. Walter, 69 Pa. 365; Fell v. Phila., 81 Pa. 58; Western Pa. R. R. v. Allegheny, 92 Pa. 103; Harper's Ap., 109 Pa. 15; Olds v. Erie City, 79 Pa. 384; Erie v. Brady, 127 Pa. 169; Act of May 1, 1876, P. L. 94; School Directors v. Carlisle Bank, 8 Watts, 291; Michener v. Phila., 118 Pa. 540; Act of May 23, 1889, P. L. 288; Dexter v. Lathrop, 136 Pa. 579; Erie City v. Butler, 120 Pa. 383; Pittsburgh v. Mac-

Connell, 130 Pa. 463; Erie City v. Y. M. C. Association, 151 Pa. 169.

*Wm. H. Middleton*, city solicitor, and *Louis W. Hall*, for appellee, not heard, cited: Phila. v. Baker, 140 Pa. 11; Bidwell v. Pittsburgh, 85 Pa. 412; McKnight v. Pittsburgh, 91 Pa. 273; Dewhurst v. Allegheny, 95 Pa. 437; Ferson's Ap., 96 Pa. 140; Pepper v. Phila., 114 Pa. 97; Erie City v. Butler, 120 Pa. 374; Pittsburgh v. MacConnell, 130 Pa. 463.

PER CURIAM, July 19, 1893:

An examination of this record has satisfied us that the affidavit of defence is insufficient to carry the case to the jury on either of the points suggested therein, and hence there was no error in entering judgment against the defendant for the amount of plaintiff's claim.

The defects in the amended affidavit of defence are so clearly and forcibly pointed out by the learned judge of the common pleas that we deem it unnecessary to do more than affirm the judgment on his opinion.

Judgment affirmed.