## The City of Philadelphia, Appellant, v. John Yewdall.

*Road law—Paving—Original paving.*

The cartway and sidewalks of a street sixty feet wide were originally paved at the expense of the owners of land abutting upon the street. The pavements were thirteen feet wide and the cartway thirty-four feet wide. The city subsequently increased the width of the street to eighty feet, and by an ordinance directed the repaving of the street. The pavements were increased to a width of fifteen feet, and the increased width was taken from the west side, thus compelling the owners of property on that side to make a new foot pavement. The city filed a lien against the owners for the cost of work on "the widened portion of the street," disregarding the fact that in the new work there was only about five feet of original paving in the cartway. *Held*, that, although the city in a proper proceeding might have sustained a lien for the five feet of original paving, it was not entitled to judgment on the lien as filed.

Argued Jan. 10, 1898.   Appeal, No. 248, Jan. T., 1897, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1895, No. 205, M. L. D., on case stated.   Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ.   Affirmed.

Scire facias sur municipal lien for paving.

Case stated.

The facts as disclosed by the case stated appear by the opinion of the Supreme Court.

The court in an opinion by Arnold, P. J., entered judgment for defendant on case stated.

*Error assigned* was in entering judgment for defendant.

*David Lavis*, assistant city solicitor, with him *James Alcorn*, assistant city solicitor, and *John L. Kinsley*, city solicitor, for appellant.—The appellant contends that the property of the appellee is chargeable with the cost of paving the portion of the cartway which was not theretofore paved: Philadelphia v. Jewell, 135 Pa. 329; Philadelphia v. Gorgas, 180 Pa. 296; 1 Dillon on Municipal Corporations, sec. 463; City v. Hays, 93 Pa. 72; McKnight v. Pittsburg, 91 Pa. 273.

It cannot be asserted with any force that the paving of Fifty-second street over the widened portion thereof was a repaving of said street.   No paving previously existed in the widened portion of the cartway of said Fifty-second street.   Therefore, this paving was an original one: Alcorn v. Philadelphia, 112 Pa. 494; Slocum v. Philadelphia, 11 W. N. C. 167.

*Alex. Simpson, Jr.*, with him *Joseph R. Rhoads*, for appellee. —The unbending rule is that the abutting owner having paid for paving the full width of the street, cannot be again charged, though the paving may be with a better pavement: Hammett v. Phila., 65 Pa. 146; Williamsport v. Beck, 128 Pa. 147; Leake v. Phila., 171 Pa. 125.

The appellee, of course, admits that if only part of the street was paved at one time, the abutting owner can be called upon to pay for paving the balance when it is in fact paved: Alcorn v. Philadelphia, 112 Pa. 494; Philadelphia v. Evans, 139 Pa.

483.   But the question here is, under which of these rules does this case fall, it being an admitted fact that the owner did pay for the paving of the whole street at the time it was paved, as of the width then, and for twenty years thereafter, existing. No case has been found upon the point, and it must, therefore, be decided upon principle.

The right to charge for repaving is denied, because when the street has once been paved under and by authority of the city, the property abutting thereon at once and forever ceases to be suburban, and becomes urban property, with all its incidents and privileges.   It had, legally speaking, all the special advantages it can acquire by the once exercised municipal act of paving, and can never again be put in the position to be again charged, whether the original paving was paid for by the abutter or not : Williamsport v. Beck, 128 Pa. 147 ; Harrisburg v. Segelbaum, 151 Pa. 172.

The paving of the street, widened as it was for a public purpose, and not for the benefit of the abutting property, must be paid for by the public generally, and not by the particular property : Phila. v. Eddelman, 169 Pa. 452.

As a distinct item of damages it has been many times decided that no allowance can be made for possible future charges for street paving : Fifty-Second Street, 19 W. N. C. 203 ; Chambers v. Boro. of South Chester, 140 Pa. 510.

If it were meant to say that the appellee did in fact get damages, or that any allowance was made to him by reason of the fact that he was to pay for the paving, it would have been easy to say so.   What is not stated is to be taken as nonexistent : Berks County v. Pile, 18 Pa. 493 ; P. & R. R. R. Co. v. Waterman, 54 Pa. 337.


OPINION BY MR. JUSTICE WILLIAMS, March 27, 1899 :

This is a proceeding upon a municipal lien for paving done upon Fifty-second street by the city of Philadelphia.   The defendant denies his liability to the city because the street had been previously paved under the direction of the city at the expense of the lot holders.   The paving for which this lien was filed was, as he alleges, a repaving done by the city for public reasons, at the expense of the city, and therefore not chargeable to the lot holders along the street.   The facts upon which this

question is raised were not controverted in the court below, but were submitted upon a case stated. It appeared by the case stated that Fifty-second street had been opened originally with a breadth of sixty feet, and had been paved with rubble pavement, under an ordinance approved on the 21st day of April, 1873. The foot pavements were thirteen feet wide on each side of the street and the cartway had a breadth of thirty-four feet. In February, 1884, the breadth of this street was increased from sixty to eighty feet. The addition appears to have been made on the westerly side of the street. The walks on each side were given a breadth of fifteen instead of thirteen feet as before, thus leaving a cartway fifty feet. By an ordinance approved on April 9, 1894, the department of public works was directed to repave this part of Fifty-second street with granite, and that payment therefor should "be made from item 26 and item 26½, section 4, of the appropriation to the department of public works (bureau of highways) for the year 1894." The repaving was done with asphaltum, and the action of the department in so doing was ratified by councils.

Several months after the completion of work upon the repaving, liens were filed against lot owners for the cost of the work done on "the said widened portion of Fifty-second street." This means that, notwithstanding the ordinance of April, 1894, the city has attempted to treat the work done on the street as a repavement only within the lines of the old cartway, and to treat that done outside the old cartway as an original pavement, and charge its cost to the lot holders. This overlooks the fact that the foot walks had been paved at the expense of the lot owners as truly as the cartway, and that the street at a breadth of sixty feet was, at the time when the increase in width was decided on, a finished street, with curbs and foot pavements, as well as a paved cartway, all laid under the direction of the city. What the city accomplished by the ordinance adding twenty feet to the width of the street was to appropriate the foot walks on the westerly side of the street to the cartway, and compel the lot holders to build new ones on at least fifteen feet of the ground that had been taken off the fronts of their lots to secure the requisite width of eighty feet for the street. At the utmost there could have been but five feet of original paving in the cartway; and the city councils, in the preparation and passage

of the ordinance of April, 1894, directing the repaving of this street, disregarded this, and provided for payment for the entire cost of the work, as a repavement, out of the city treasury: Alcorn v. City of Philadelphia, 112 Pa. 494, and Slocum v. City of Philadelphia, 11 W. N. C. 167, are cited as cases supporting the lien filed in this case. If the paving as to five feet had been done at the cost of the owners, and the lien had been filed for that only, the cases cited would be applicable. In both of them the controversy was over the power of the city to change its plan and require that part of the street to be paved which it had previously devoted to some purpose other than public travel and therefore left unpaved. We upheld the right of the city to change its plans, and, as beyond all question the ground so added to the cartway had never been paved at all, we sustained the claim of the city that the lot owner was liable for the cost of paving, because it was an original pavement.

In this case the strip of additional pavement was made necessary, not by devoting a part of the street to the purposes of travel which had previously been devoted to some other purpose, but by the acquisition by the city of additional surface and the incorporation of it into the cartway for the purpose of increasing its width as a highway. The width is not thus made exceptional, but is within limits deemed reasonable and desirable in this and other municipalities. It is not suggested that the improvement was objected to by any lot holder, or that it was deemed unnecessary by any person interested. It is not easy therefore to see any real distinction between the cases cited above, and the cases now before us as to the liability of the lot holder to the city for paving upon the hitherto unpaved portion of the street. When the pavement was laid upon this part of the cartway the ground upon which it was laid was clearly within the street, it had never been paved before, a city ordinance directed the pavement of the street at its then width, and the duty of the lot holder to pay, so far as the pavement was an original one, resulted as clearly as it did in Alcorn v. The City, supra. The only possible distinction to be made between the latter case and this one relates to the time when the unpaved ground became a part of the highway. In Alcorn v. The City the ground belonged to the street when the original paving was done. In this case the unpaved ground was acquired after the

rubble pavement on Fifty-second street had been laid. Bu when the city required the paving of the heretofore unpaved space, it was in the street as fully and effectually in one case as in the other; the city had as complete jurisdiction of the subject of the paving of Fifty-second street as it had of Broad street; the obligations of the lot owners upon the street were the same. But this question is not necessarily involved in this case. No lien has been filed for the cost of paving the three or five feet not heretofore paved in Fifty-second street. The city has proceeded upon an entirely different theory. It has claimed for the paving as part of the cartway of the old foot pavement which had been paved at the expense of the lot holders before the widening took place. The case stated was drawn upon the same theory, and provides for no judgment for the plaintiff except one that shall cover the cost of paving the sixteen feet which have been added to the original cartway. This, in view of the ordinance under which the paving was done, was probably deemed best, as the only question thus raised was whether the curbed and paved foot walk was to be deemed a part of the paved street. Upon that question the court below was right, and the judgment in favor of the defendant is now affirmed.

The opinion, of which this is a copy, having been written by Mr. Justice WILLIAMS, to whom the case had been duly assigned, was read by him in consultation and approved, but, owing to his sickness and absence, was not filed, the same is now adopted and filed as the opinion of the Court.

                                        PER CURIAM.