## Scranton, Appellant, v. Koehler.

*Road law—Assessment for paving—Foot front rule.*

A city may assess the cost of paving a street upon the abutting property owners according to the "foot front" rule, and without regard to the actual number of square yards of pavement in front of any particular property. The fact that a street railway company has paved a portion of the street in front of a particular property, does not relieve the owner from assessment on a pro rata basis, ascertained by dividing the entire cost of the improvement in proportion to the entire number of feet of property fronting on the street.

Argued Feb. 26, 1901. Appeal, No. 292, Jan. T., 1900, by plaintiff, from judgment of Superior Court, Jan. T., 1900, No. 12, affirming judgment of C. P. Lackawanna Co., in favor of defendant on case stated in suit of City of Scranton v. Henry T. Koehler. Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Reversed.

Appeal from Superior Court.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in sustaining the judgment of the court of common pleas.

*A. A. Vosburg*, city solicitor, with him *D. J. Davis*, assistant city solicitor, for appellant.—The section of street to be improved must be treated as a whole, and the cost of the whole work divided among the several lots according to their frontage : State v. Portage, 12 Wis. 562; Motz v. Detroit, 18 Mich. 494; Neenan v. Smith, 50 Mo. 525; Ware v. Jerseyville, 158 Ill. 234; Exparte Mayor, etc., of Albany, 23 Wendell, 277; Davis v. City of Litchfield, 145 Ill. 313.

The best text writers recognize the foot front rule as a constitutional method of imposing a local assessment : Tiedeman on Municipal Corporations, sec. 259a, p. 506; O'Connor v. Pittsburg, 18 Pa. 187; Keith v. Phila., 126 Pa. 575; Seely v. Pittsburg, 82 Pa. 360; In re Walnut St., 10 Pa. C. C. Rep. 173; Greensburg v. Laird, 8 Pa. C. C. Rep. 608; Scranton v. Bush, 160 Pa. 499; McKeesport Boro. v. Busch, 166 Pa. 46.

The only exception to the application of the foot front rule is in case of rural property : Phila. v. Sheridan, 148 Pa. 532; Reading v. O'Reilly, 169 Pa. 366 ; McKeesport v. Soles, 165 Pa. 628 ; Wilson v. Allegheny City, 42 P. L. J. 15.

*I. H. Burns*, with him *P. W. Stokes*, for appellee, cited : Philadelphia v. Spring Garden Farmers' Market Co., 161 Pa. 522 ; Philadelphia v. Evans, 139 Pa. 483.

OPINION BY MR. JUSTICE POTTER, July 17, 1901 :

The city of Scranton paved Mulberry street, with sheet asphalt, and assessed the cost upon the abutting property owners. The assessment was laid without regard to the number of square yards of pavement in front of any particular property, but was made upon a pro rata basis, which was ascertained by dividing the entire cost of the improvement in proportion to the number of feet of property fronting on the street. Immediately in front of the defendant's property a street railway had laid its tracks, and paved that portion of the street so occupied by it. The effect was to reduce the amount of paving required to be done by the city, at that point. For this reduction, the defendant claimed he was entitled to credit. The city ignored this claim, and divided the whole cost of paving the street among the total property frontage.

Upon a case stated, the learned court below held, that the basis for the assessment thus adopted by the city was not correct. Judgment was accordingly entered for the amount admitted to be due by the defendant, and, upon appeal by the city to the Superior Court, this judgment was affirmed.

While the defendant in this case was not one of the petitioners for the improvement, yet it was asked for by a majority of the property owners along the section of the street to be improved, and the petition was for the pavement as a whole, and the ordinance was based upon and followed the petition. The improvement was constructed as a whole, from one end to the other.

The learned court below found that the weight of authority outside the state of Pennsylvania, was in favor of the "foot front" rule of assessment, according to the benefits derived from the whole. But he seemed to be constrained to hold

otherwise in this case, by former rulings of this court which he deemed controlling, and, therefore, entered judgment upon the basis of the supposed cost of the paving immediately in front of the defendant's property. We are not, however, able to draw from the cases cited, the same conclusion as that reached by the trial court in this case.

In McGonigle v. Allegheny, 44 Pa. 118, the improvement was upon a street bounded upon one whole side by park property, the title to which was in the city, subject to the right of common, in the owners of in-lots. The act of assembly under which that improvement was made, authorized " an equal assessment on the foot front, bounding on said street." It was held that the property upon the east side, the title being in the city, was not subject to assessment, and that the whole cost must be collected from the properties abutting upon the other side of the street. But it is carrying the effect of the decision in that case too far to hold that it is authority for the proposition that the assessment upon each property must be limited to the cost of the work done immediately in front of it.

In Erie City v. Butler, 120 Pa. 374, this court entered judgment for want of a sufficient affidavit of defense, upon the averments, which set forth that the work was not well done, nor according to contract, but which did not raise any question as to the manner of making the assessment.

And in Pittsburg v. McConnell, 130 Pa. 463, judgment was also entered for want of a sufficient affidavit of defense, upon the ground that the allegations were too vague and unsatisfactory to carry the case to the jury.

The case of Harrisburg v. Baptist, 156 Pa. 526, was similarly decided. In none of these cases was the manner of making the assessment an issue, and the reasoning upon which the decisions were founded is not applicable to the case now before us. In the opinion of this court, in Witman v. Reading, 169 Pa. 375, the "foot front" rule is sustained, as being, upon the whole, as good a general rule as can be found, our Brother MITCHELL there saying:

"The learned judge below held, that the 'foot front' rule could not be lawfully applied as a method of assessment to complainant's property, and based his conclusion mainly, if not exclusively, on the difference in value per foot front, of the

property along the line of the sewer. From this result we are constrained to differ.

"While the 'foot front' rule of assessment, it is true does not express a principle of taxation, but merely a convenient method, yet its foundation is not in uniformity of value, but in uniformity of benefit. The latter is not always, and perhaps not even generally dependent on the former, or in any fixed ratio to it. Properties in the same general situation are presumed to get the same general benefit from a common improvement, and as this benefit is assessed exclusively on property abutting on the line of the improvement, it is presumed to be fairly measured by the foot frontage of the property on that line, though values may be, and usually are, very different, and dependent on other circumstances, such as the depth of the lots," etc.

He then quotes from Judge SHARSWOOD, in Hammett v. Philadelphia, 65 Pa. 146 :

"No system of taxation which the wit of man ever devised has been found perfectly equal, " but, "perhaps no fairer rule can be adopted than the proportion of feet front, though there must be some inequalities, if the lots differ in situation and depth."

Further reference is made to Washington Avenue, 69 Pa. 361, where Chief Justice AGNEW says of the per "foot front" mode of assessment: "Whatever doubt might have been originally entertained of it as a substitute, which it really is, for actual assessment by jurors, or assessors under oath, it has been so often sanctioned by decision, it would ill become us now to unsettle its foundation by disputing its principle." No authority for setting aside the "foot front" rule can, therefore, be found in Witman v. Reading.

It is true that the method of assessing the cost of the system of sewers, which was under consideration in that case, was disapproved. But this was for the reason that the ratio of cost was made up, by aggregating the cost of local and main sewers, so that the average of these was not an accurate measure of any one of them.

This mode of procedure was considered to be in conflict with the principle that no properties can be assessed for the cost of a sewer, except those that abut on the line thereof. Upon this

reasoning the conclusion as set forth was reached in Witman v. Reading.

In the case now under consideration, the whole procedure seems to have been an orderly one, conducted from beginning to end, in accordance with the terms of the act of assembly of May 23, 1889. The initial step was a petition by a majority of the abutting property owners. This was followed by the enactment of an ordinance by the city councils, authorizing the work to be done, under the direction of the city engineer, and, according to plans and specifications. The city engineer was instructed to make the assessment for the cost of the paving according to the "foot front" rule against the abutting owners, giving notice to said owners as provided by law. The work was admittedly done in accordance with the contract and the specifications. The city engineer made the assessment in strict accordance with the law, and, as a result, the property of the appellee was assessed in the sum of $286, that amount being in proportion to the number of feet which his property fronts upon the street. The jurisdiction of the city authorities under the admitted facts of this case cannot be questioned, and there being no allegation of fraud or defective workmanship, or mistake in the computation of the engineer, the assessment must be regarded as conclusive.

It is, therefore, ordered that the judgment of the Superior Court be reversed; and judgment is now entered against the appellee and in favor of the city of Scranton, for the sum of $286, with costs.