## Philadelphia *v.* Ginhart, Appellant.

*Road law—Paving—Original pavement—Widened· street.*

1. Where after a street has been paved, the city widens it by the addition of a number of feet, the abutting property owners are liable to pay for the cost of the new paving of the widened part, and it is immaterial that a portion of the street may be occupied by the tracks of a steam railroad and a street railway if the new paving does not include the part of the street occupied by the rails. If it appears that the property was not rural the assessment upon the abutting property is to be made according to the foot front rule.

2. The mere fact that an improvement of a street may be of general benefit to the municipality, does not relieve abutting property from assessment if it be specifically benefited.

Argued Oct. 19, 1911. Appeal, No. 5, Oct. T., 1911, by defendant, from judgment of C. P. No. 2, Phila. Co., June Term, 1903, No. 188, M. L. D., on verdict for plaintiff in case of Philadelphia v. Harry Ginhart. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Amicable action upon a municipal lien for paving. Before WILTBANK, J.

The opinion of the Superior Court states the case.

At the trial the court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $237.82. Defendant appealed.

*Error assigned* among others was in giving binding instructions for plaintiff.

*E. Spencer Miller*, with him *Frazier & Frazier*, for appellant.—When street paving has once been paid for it cannot be charged for again to the same property owners merely because its location is slightly changed. It has been directly held that a repaving consequent upon a

change of grade of a street cannot be collected from the abutting owner: Phila. v. Henry, 161 Pa. 38; Phila. v. Yewdall, 190 Pa. 412.

The authorities are surely conclusive that this case was not one for special assessments of the whole cost by the foot-front rule: Morewood Ave., 159 Pa. 20; Fifty-fourth Street, 165 Pa. 8; Harrisburg v. McPherran, 14 Pa. Superior Ct. 473; Barnesboro Boro. v. Speice, 40 Pa. Superior Ct. 609; Hammett v. Phila., 65 Pa. 146; Protestant Orphan Asylum's App., 111 Pa. 135; Williamsport v. Beck, 128 Pa. 147; Harrisburg v. Segelbaum, 151 Pa. 172; Erie v. Russell, 148 Pa. 384.

*Allen C. Thomas*, assistant city solicitor, with him *James Alcorn*, for appellee.—The right of a municipality to change its plan, lines and otherwise is unquestioned: Waln v. Philadelphia, 99 Pa. 330; Philadelphia v. Yewdall, 190 Pa. 412, 416; Alcorn v. Philadelphia, 112 Pa. 494; Slocum v. Philadelphia, 11 W. N. C. 167; Philadelphia v. Jewell, 135 Pa. 329.

Local assessments are justifiable on the ground that the locality is specially benefited by the outlay of money raised by these means. The power to assess the cost of public improvement upon property benefited is a species of taxation, and in no sense is it the taking of property by right of eminent domain: Hammett v. Philadelphia, 65 Pa. 146; Washington Ave., 69 Pa. 352; Craig v. Philadelphia, 89 Pa. 265; Harrisburg v. McPherran, 14 Pa. Superior Ct. 473. Philadelphia v. Yewdall, 190 Pa. 412, presents a set of facts closely resembling those in the present case.

OPINION BY PORTER, J., March 1, 1912:

This is a scire facias upon a municipal lien for paving filed by the city of Philadelphia against a lot of the appellant fronting upon the southeast side of Richmond street. The learned judge of the court below instructed the jury to find a verdict in favor of the city for the full amount of

the assessment for which the lien was filed, and judgment having been entered upon that verdict, the defendant appeals.

Richmond street had been duly widened and relocated, under a city ordinance, in 1894. The street had been an old city street fifty feet wide and had been paved and sidewalks had been laid prior to 1894, whether at the expense of the property owners or of the city did not appear in evidence, and for purposes of this case is immaterial. The work done under the ordinance of 1894 made the following changes in the street: the building line on the southeast side of the street was moved northwestwardly twelve feet, thus adding to the depth of the defendant's lot which abutted upon that side twelve feet, and the new street was opened of a width of 120 feet. There was thus included in the width of the new street the cartway of the former street, twenty-six feet wide, and the sidewalk upon the northwest side of the street, twelve feet wide, making in all a width of thirty-eight feet which had been paved, before the city changed and widened the street. Eighty-two feet in width of the new street, next to the building line on the northwest side never had been paved, either as cartway or sidewalk. The street continued in this condition for eight years, when in 1902 the city proceeded in a regular manner to pave the entire cartway of the street and in doing so established the curb line upon the northwest side of the street at a distance of eighteen feet from the building line, thus leaving to be paved as cartway sixty-four feet of the width of that part of the street which had never before been paved. The tracks of a steam railroad and a street railway were located along the street, within these sixty-four feet in width of new paving, and the rails of these tracks, in the aggregate, occupied three feet in width, thus leaving the net width of the paving upon that part of the width of the street which had never before been paved sixty-one feet. The city did not attempt to charge the abutting property for the repaving of that part of the street which had prior to that time been paved either

as cartway or sidewalk, nor did it attempt to charge the property owners for the construction of new sidewalks. The proper city authorities assessed upon the lot of the defendant and other abutting property, according to frontage, the cost of paving the sixty-one feet in width of the cartway which never had been paved before.

The able and ingenious counsel for the appellant contends that the assessment for paving the new part of the cartway should be held invalid, or that it is at least so far placed in question as to require the submission of pertinent questions of fact to the jury, because it appears that the work was done for the benefit of the general public. His argument is based largely upon the fact that the ordinance of 1894, under which the street was relocated and widened, was part of a general scheme for the benefit of the entire surrounding district, and involved the vacating of a number of streets and the widening and relocation of others. The argument might be entitled to consideration if the city had undertaken in a single proceeding to make all the changes contemplated by the ordinance of 1894 and to grade and pave all the streets affected by that ordinance, but this it did not do. Counsel in his brief concedes that "It is to be presumed that if there was any benefit at all to the defendant's property by the widening of Richmond street it was assessed benefits under the Act of April 21, 1858, P. L. 385." It may properly be added that if this appellant was entitled to damages because of the relocation and widening of Richmond street, which incidentally added twelve feet to the depth of his lot, he must be presumed to have recovered those damages in the manner authorized by law. Certain it is that the city cannot, nor is it making the attempt in this proceeding to do so, recover for benefits, nor is the defendant entitled to raise the question that his property was damaged by the widening of the street, which had occurred eight years before the city determined to do the paving out of which this assessment arose. The defendant cannot be assessed for benefits, resulting from

this paving which he merely enjoys in common with all other citizens of the municipality. The mere fact that the improvement of a street may be of general benefit to the municipality does not relieve abutting property from assessment if it be specially benefited. The language of Mr. Chief Justice STERRETT, in Beechwood Avenue, 194 Pa. 86, is here pertinent: "It may be that Beechwood Avenue was constructed as part of the park system of the city, but it does not follow that it is not also decidedly local, and that property fronting thereon has not been 'specially benefited' in the proper sense of that term to a very large degree. No one conversant with the facts can have any doubt as to that." When the city, in 1902, paved the cartway of Richmond street, that street had for eight years been a public highway and the part of the cartway, for the paving of which it is now sought to charge the property of this appellant, never had been paved.

The legislature of the commonwealth has conferred upon the city of Philadelphia the power to assess the cost of the original paving of a street upon the property in front of which the work is done, according to the extent of frontage, that is, according to the foot-front rule. It has been frequently held by our Supreme Court that local assessments for street improvements are sustainable only on the basis of special benefit and the limit of the benefit is the limit of the taxing power. This is the principle of taxation on which such assessments are founded. "While the 'foot-front' rule of assessment, it is true, does not express a principle of taxation, but merely a convenient method, yet its foundation is not in the uniformity of value, but in the uniformity of benefit. The latter is not always, and perhaps not even generally dependent on the former, or in any fixed ratio to it. Properties in the same general situation are presumed to get the same general benefit from a common improvement, and as this benefit is assessed exclusively on property abutting on the line of the improvement, it is presumed to be fairly measured by the foot frontage of the property on that line,

though values may be, and usually are very different, and dependent on other circumstances such as the depth of the lots:" Witman v. Reading, 169 Pa. 375. "Undoubtedly, the power of taxation is not to be rigidly scanned, every presumption is to be made in its favor. If the case is within the principle, the proportion of contribution and other details are within the discretion of the taxing power:" Washington Avenue, 69 Pa. 352. It has been held it is true that the foot-front rule, as a method of imposing assessments for local benefits, is valid only when applied to urban property, and that the attempt to extend it to assessments upon rural property cannot be sustained. Whether property is urban or rural, in regard to its liability to assessment under the foot-front rule, is usually for the jury, because it is one of fact; but when the facts are, under the evidence, free from doubt, it becomes a question of law for the court: Reading v. O'Reilly, 169 Pa. 366; McKeesport v. Soles, 178 Pa. 363. The present case is not complicated by any question as to the character of the property, as to whether it is urban or rural, nor whether it abuts upon the improvement. The street was an old highway of the city, the property was not rural, and the lot directly abutted upon the street. The sole question, under the evidence, was whether the paving was an original paving of the street and not a repaving. There is no dispute as to the facts; a part of the cartway of the street had been paved, as cartway and sidewalk of the old street before it was widened, and the sixty-one feet of the width of the paving was a part of the cartway which never had been paved. That the assessment upon abutting property, according to frontage, of the cost of paving the sixty-one feet of the cartway which was an original improvement, was a valid exercise of the power of taxation by the city is ruled by Alcorn v. Philadelphia, 112 Pa. 494; Philadelphia v. Yewdall, 190 Pa. 412. The property being urban was assessable under the foot-front rule and having been assessed under that rule, no question being raised as to the quantity or char-

acter cf the work, or the price charged for it, the court properly refused to submit to the jury the question as to whether the property of the appellant had been benefited: Alcorn v. Philadelphia, 112 Pa. 494; Scranton v. Koehler, 200 Pa. 126.

The fact that there were steam railroad and street railway tracks in the street, being lawfully there, did not change its character as a public highway, and as the defendant was not asked to pay for the part of the street occupied by the rails their presence in the street did not relieve him from liability: Scranton v. Koehler, 200 Pa. 126.

The judgment is affirmed.