## City of Philadelphia v. Globe Steel Drum Corp.

*Stanford Shmukler*, for plaintiff.

*Norman Henss*, of *Cohen, Shapiro & Cohen*, for defendant.

FLOOD, P. J., December 23, 1959.—This is a suit for the recovery of a paving assessment against defendant upon an agreed statement of facts. The real issue is whether defendant is an abutting property owner.

The use plaintiff, under contract with the city, paved Tioga Street between Richmond Street and the Delaware River. Defendant's property line is located along the southwestern side of Tioga Street in that area, but immediately abutting it, in the bed of the

street, are two tracks of the Pennsylvania Railroad. Paving begins beyond the railroad and covers only the northeasterly 27 feet of the street and is separated from defendant's property by the railroad's right of way. The use plaintiff has constructed a temporary 18-foot wide cartway of bituminous concrete from the premises of defendant over the tracks to the paved portion of Tioga Street, but no assessment is being claimed for this construction. Defendant also possesses easements to use driveways on property privately owned, adjacent to defendant's property on the northwest, for access across the tracks to Tioga Street.

It seems clear to us that defendant is an abutter on the street as laid out on the city plan, even though that part of the street upon which it immediately abuts is subject to a right of way in the railroad. There are many cases in which an abutter on a street is held liable for a paving assessment, even though the paving does not include the part of the street which immediately abuts upon his property, provided only that the paving is in front of his property. This has been held where the paving was on the opposite half of the street (In re West Market Street, 24 York 129 (1911)) ; where it was in the center of the street (Alcorn v. The City of Philadelphia, 112 Pa. 494, (1886)) ; where it was beyond railroad tracks within the street: Philadelphia to use v. Pennsylvania Salt Mfg. Co. 286 Pa. 1 (1926) ; Philadelphia v. Ginhart, 48 Pa. Superior Ct. 648 (1912).

Defendant relies upon the case of City of Philadelphia v. Eastwick, 35 Pa. 75 (1860). There are, however, significant differences between the two cases. In the Eastwick case the railroad right of way appeared to be on private property, not in the bed of the street. This private property did not belong to defendant, and separated defendant's property from the street.

Defendant could not be held an abutter in such circumstances.

It also appeared in that case that the deed granting the railroad the right to construct and maintain its railway lines on this private strip of property contained a clauses which obligated the railroad to fence its tracks on both sides. While this apparently had not been done at the time of the trial or hearing, yet the court indicated that the railroad was under an obligation to build this fence and if it were built, access by the property owner to the street would be entirely cut off. In the case before us access has not been, and will not be, cut off but, on the contrary, it appears to have been somewhat facilitated by the road constructed by the use plaintiff across the tracks.

In our opinion, under all the circumstances in this case, defendant is obliged as an abutting owner to pay the assessment.

The court finds for plaintiff.