# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## Philadelphia, to use, Appellant, *v.* Ehret.

*Streets—Paving—Macadamizing.*

Where a strip in the middle of a street has been macadamized under the authority of a city ordinance and paid for by the owners of the premises at the time, a subsequent owner cannot be compelled to pay the cost of a vulcanite pavement laid under an ordinance of councils upon the same strip.

Argued Jan. 13, 1893.    Appeal, No. 135, July T., 1892, by plaintiff, from judgment of C. P. No. 4, March T., 1891, No. 40, M. L. D., in favor of defendant, Michael Ehret, Jr., on case stated.    Before Paxson, C. J., Sterrett, Green, Williams, McCollum, Mitchell and Dean, JJ.

Case stated on sci. fa. sur municipal lien.

The case stated was in part as follows :

" By ordinance of councils passed April 10, 1890, the director of public works was authorized and directed to enter into a contract for paving this street [Allegheny avenue] from Fifteenth to Sixteenth street with asphaltum, broken stone, vulcanite base.    In pursuance of this ordinance bids were solicited by the department of highways, and the equitable plaintiff being the lowest bidder was awarded the contract for said paving, wherein the plaintiff agreed to pave said street at the rate of $2.85 per square yard, and to collect the cost thereof from

the property owners abutting said street. The work was performed in accordance with written contract and specifications made and executed by and between the said Vulcanite Paving Co. and the city of Philadelphia. On March 25, 1891, a municipal claim was filed in due form for the sum of $952.40 against the property of the defendant for paving said street in front thereof in accordance with the conditions of said contract. On April 16, 1891, a writ of scire facias was issued by the plaintiff against the said defendant and made returnable the first Monday of May, 1891. On April 28, 1891, the defendant, Michael Ehret, filed an affidavit of defence to a portion of the plaintiff's claim as follows:

" ' Said claim is to recover for 333 square yards of paving done on Allegheny avenue with asphalt paving at $2.85 per yard, and that the same is an excessive charge to the extent of 173 square yards, which had been previously paved, at the expense of the ground, by Edward Shantz before Nov. 1, 1869, under the authority of the city ordinance of March 22, 1869. Deponent admits that as the owner of said ground he is liable for 162 square yards, at $2.85 per yard, or $456, with interest from Sept. 30, 1890.'

" The majority of the property owners on Allegheny avenue in 1869 petitioned councils for an ordinance authorizing the macadamizing of the said street in the centre thereof for a space of twenty-five feet, and agreed to pay for such improvement; whereupon the ordinance of March 22, 1869, referred to in the defendant's affidavit of defence, was passed by councils and approved by the then mayor of the city of Philadelphia. The contract for said macadamizing was awarded to Edward Shantz. By and under the authority of the said ordinance of 1869 the centre of this street was laid with macadam, to a width of twenty-five feet between Fifteenth and Sixteenth streets, without any curbing or paved gutter being placed on the sides thereof.

" The cost of said macadam laid in pursuance of said ordinance of March 22, 1869, was paid by the then owners of the ground abutting said street; a part of said ground being the same as above described is now owned by said defendant, and against which this lien is filed.

" There were no gas pipes, water pipe or sewer laid on this

street between Fifteenth and Sixteenth streets at the time said macadam was laid. In 1869 Allegheny avenue was laid out as a street, running through a suburban district in the twenty-eighth ward, and was situated at least two miles from the built-up portions of the city. At the time when this asphaltum was laid in 1890, Allegheny avenue was within the limits of the built-up portions of the city, with gas and water pipes and sewer in front of defendant's property."

If plaintiff is entitled to recover full amount of its claim, then judgment for the full amount of the lien, etc., but if not, then judgment for plaintiff for $456, etc.

Judgment for plaintiff for $456, who thereupon appealed.

*Error assigned* was entry of judgment as above.

*John K. Andre, Henry F. Walton* with him, for appellants, cited: Act of April 1, 1864, P. L. 187; Hammett v. Phila., 65 Pa. 146; Harrisburg v. Segelbaum, 151 Pa. 172; Wistar v. Phila., 80 Pa. 505; Huidekoper v. Meadville, 83 Pa. 158; Seely v. Pittsburgh, 82 Pa. 360; Pepper v. Phila., 114 Pa. 96.

*David W. Sellers,* for appellee, was not heard, but in his printed brief cited: Act of Feb. 2, 1854, § 40, P. L. 43; Huidekoper v. Meadville, 83 Pa. 157; Williamsport v. Beck, 128 Pa. 147; Greensburg v. Laird, 138 Pa. 533; Hammett v. City, 65 Pa. 146.

PER CURIAM, January 30, 1893:
Judgment affirmed.

# Fisher *v.* King, Appellant.

*Practice, C. P.—Opening judgment—Petition and answer.*

A proceeding instituted to open a judgment for matters outside the record should be permitted, only after a plain issue has been made up by petition, verified by affidavit, with answer responsive thereto. The testimony should then be limited to the issue thus made up.

*Duty of lower court to state reasons for decree.*

In proceedings to open a judgment the court below should state the reasons for the decree. The proceedings are purely equitable, and findings of fact and inferences therefrom are just as essential to a fair review as those of a master in chancery.