# Wilmington Avenue.

*Road law—Assessment for damages—Widening—Grading.*

An assessment of damages, costs and expenses of a street improvement against land, is not illegal because there were included in one proceeding the opening of part of a street on a new location, the widening of the part that had been opened before, and the grading of the whole, where it appears that the whole improvement was provided for by one ordinance and done under one contract.

Argued Oct. 18, 1905.   Appeal, No. 47, Oct. T., 1905, by Joseph S. White, from order of C. P. Lawrence Co., March T., 1903, No. 33, dismissing exceptions to report of viewers In re Wilmington Avenue.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Exceptions to report of viewers.   Before WALLACE, P. J. The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to report of viewers.

*S. W. Dana,* with him *Robert K. Aiken, W. H. Falls* and *Richard F. Dana,* for appellant.—This case is clearly within the principle established by the following authorities: Morewood Avenue, 159 Pa. 20 ; Park Avenue Sewers, 169 Pa. 433 ; Beechwood Avenue Sewer, 179 Pa. 494 ; 54th St.   Pittsburg's Appeal, 165 Pa. 8 ; Witman v. Reading, 169 Pa. 375 ; Speer v. Pittsburg, 166 Pa. 86 ; Appeal of Verona Boro., 4 Pa. Superior Ct. 608 ; Orkney Street, 9 Pa. Superior Ct. 604 ; Wil-

liam Street, 13 Pa. Superior Ct. 266 ; Atlantic Avenue, 14 Pa.
Superior Ct. 117 ; Winter Avenue, 23 Pa. Superior Ct. 353.

*James A. Gardner,* city solicitor, for appellee.—It is very
usual to open, widen and grade a street in a single proceeding,
and when said work is done at the same time, the rule is, that
it is a single improvement, and all damages are assessable in
the one proceeding ; the one view covers the whole improve-
ment and the landowner must present his whole claim for
damages, both for opening and grading,—otherwise he will be
estopped : Pusey v. Allegheny, 98 Pa. 522 ; Plan 166, 143 Pa.
414 ; Jones v. Bangor Boro., 144 Pa. 638 ; O'Brien v. Phila.,
150 Pa. 589 ; Rodgers v. Phila., 181 Pa. 243 ; Clark v. Phila.,
171 Pa. 30–34 ; Winter Avenue, 23 Pa. Superior Ct. 353 ;
Righter v. Phila., 161 Pa. 73 ; Chatham Street, 16 Pa. Superior
Ct. 103.

OPINION BY MR. JUSTICE FELL, January 2, 1906 :

This appeal is from an order confirming the report of viewers
assessing the damages, costs and expenses of a street improve-
ment.   The single question raised by the appeal is whether the
assessment against the appellant's land is illegal because there
were included in one proceeding the opening of a part of a
street on a new location, the widening of the part that had
been opened before, and the grading of the whole.

Wilmington road enters New Castle from the north, and
formerly connected with Jefferson street at Wallace avenue.
The line of the road was a few degrees west of the line of the
street, and an obtuse angle was formed at the point of connec-
tion.   Jefferson street was extended, of its full width of eighty
feet, 350 feet north of Boyles avenue, and was opened and
graded under a separate ordinance and contract, and the dam-
ages were assessed under a separate proceeding.   At Boyles
avenue the location of the road was changed for a distance of
500 feet so as to meet Jefferson street as extended.   The new
part was laid out of the width of sixty feet, and it was provided
that the old part should be widened to correspond with this
width.   The result of the change was that in place of the road
fifty feet wide an avenue, partly on new land and partly on the
old roadbed, was laid out of the width of sixty feet in a straight

line from Jefferson street to the north limit of the city. The opening of the new part, the widening of the old part, and the grading of the whole were provided for by one ordinance and done under one contract.

The appellant's contention is that the extension of Jefferson street and the construction of the new part of Wilmington avenue constituted one improvement, and the widening and grading of the old part of the avenue another and distinct improvement, and that in a proceeding to assess costs and expenses there could not be included with the latter the opening and grading on the new location. To this contention it is sufficient answer that the appellant has no just ground of complaint unless his property at the north end of the avenue was improperly assessed for damages for land taken at the south part, or for costs to which it should not have been subjected. No objection is based on this ground. There were no exceptions to the amount of the assessments made by the viewers, and it appears from their report that the properties at the north end of the avenue were not assessed to pay for the taking of land on which they did not abut. Presumably the costs of widening and grading were properly apportioned and assessed. But the improvement of Wilmington avenue north to the city line was a single improvement which included the opening and widening to established lines, and the grading for the entire length, including the bed of the old road. It was so treated by the city authorities in directing the work to be done and in contracting for it as a whole.

The order dismissing exceptions and confirming the report is affirmed at the cost of the appellant.