# West Liberty Avenue.

*Appeals—Assignments of error—Exceptions to report of viewers.*
On an appeal from the action of the court in dismissing exceptions to a report of road viewers, an assignment of error will not be considered which merely sets forth the general order dismissing the exceptions, if it appears that there were ten exceptions, and the assignment does not quote any of them.

*Road law—Evidence—Filing testimony taken before viewers.*
The Court of Common Pleas cannot be convicted of error in discharging a rule to show cause why testimony taken before a jury of view should not be filed. There is nothing in the Acts of May 16, 1891, P. L. 71, or June 23, 1911, P. L. 1123, which makes the testimony a necessary part of the report.

*Road law—Assessments—Partial improvement of street—Report of viewers—Validity of ordinance.*
The fact that twenty feet in the centre of the street has been improved does not prevent an assessment for the remaining portion of the avenue.

Where a petition asks that viewers be appointed to assess the benefits, the fact that the word "damages" is not used, is not ground for

setting aside a report of viewers, where it appears that no damages were claimed by the exceptant, and the payment of damages did not affect his assessment.

A prior viewer's report confirmed absolutely is conclusive of the validity of the ordinance under which the proceedings were had.

Argued May 3, 1918. Appeal, No. 42, April T., 1918, by Frederick Berg, from order of C. P. Allegheny Co., Oct. T., 1916, Docket C., No. 1591, dismissing exceptions to report of viewers In re Petition of the City of Pittsburgh, for the appointment of viewers to assess benefits for the improvement of West Liberty avenue. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Exceptions to report of viewers.

*Errors assigned* were in the following form:

(1) The court erred in making the following order:

And now, May 22, 1917, it appearing to the court that the report of the board of viewers in the above entitled case was filed and confirmed nisi on February 23, 1917:

That exceptions were filed thereto by Marie Stucky, widow, and Marie S. Griffith, Pauline Gwink and Anna Gwink, children of F. N. Stucky, deceased; John Anderson, Susanna A. Johns, Frederick Berg, and no others;

That by order of court of May 21, 1917, the exceptions of Marie Stucky, widow, and Marie S. Griffith, Pauline Gwink and Anna Gwink, children of F. N. Stucky, deceased, as to property marked and identified as V-154 on the Viewers' Plan, filed at the above number and term, were dismissed by reducing the assessment of $630 to $605 as to said property marked V-154 and the balance, to wit: the sum of $25 was charged to the City of Pittsburgh;

That by order of court of April 4, 1917, the exceptions of John Anderson, as to property marked and identified as V-240 on said Viewers' Plan, were dismissed by reducing the assessment of $1,056 to $900 as to said prop-

erty marked V-230 and the balance, to wit, the sum of $156 was charged to the City of Pittsburgh.

That by order of court of April 4, 1917, the exceptions of Susanna A. Johns, as to property marked and identified as V-143 were dismissed and the assessment of $935 reduced to $675 and the balance, $260, was charged against the City of Pittsburgh.

That by order of court of April 23, 1917, the exceptions of Frederick Berg were dismissed:

Therefore, it is ordered, adjudged and decreed that the report of the board of viewers is hereby confirmed absolutely as modified by the above-mentioned orders.

(2) The court erred in making the following order on petition and rule to file testimony:

"Now, May 25, 1917, the rule is discharged."

*M. H. Stevenson,* for appellant.

*H. M. Irons,* Assistant City Solicitor, with him *Stephen Stone,* City Solicitor, for appellee.

OPINION BY TREXLER, J., July 10, 1918:

There are two assignments of error; the first is directed to the action of the court in dismissing the exceptions filed to the report of the board of viewers, and confirming the report absolutely.

This throws no light on the particular error complained of. There were ten exceptions including numerous subdivisions filed to the report of the viewers. "As to the dismissal of which one of them is error alleged? We cannot tell. In addition to this, the exceptions dismissed are not quoted in the assignment of error": Barr Township Road, 29 Pa. Superior Ct. 203. This is a clear violation of Rule 14 of this court. The reasonableness of this rule is discussed at some length in the above case, and its wisdom fully vindicated.

The second assignment is the discharging of a rule entered on the petition of the appellant requiring the peti-

tioner to show cause why the testimony taken before the viewers should not be filed. Under the Act of May 16, 1891, P. L. 71, it was decided that the duty of the court to review all exceptions filed was not to proceed de novo and consider all the testimony taken and make a new award: Smith's App., 179 Pa. 630. The practice has not been changed by the Act of June 23, 1911, P. L. 1123. The ninth section of the latter act provides what shall be set forth in the report of viewers, and makes no reference to the testimony. The eighth section provides for a stenographic report of the testimony, but this is when in the opinion of the board it is desirable. There is nothing in the act which makes the testimony a necessary part of the report.

We might dismiss the case without any further reference to the exceptions filed by the appellant in the court below. We will, however, refer to them briefly.

The viewers found that the defendant's property was especially benefited. There is nothing before us to impeach that finding: Beechwood Avenue, 194 Pa. 86.

The fact that twenty feet in the center of the street has heretofore been improved does not prevent an assessment for the remaining portion of the avenue. Such an assessment is recognized in Philadelphia, to use, v. Ehret, 153 Pa. 1.

The petition asks that viewers be appointed to assess the benefits, and the word "damages" is not used; whether the order appointing the viewers directed the assessment of damages does not appear from the printed book. As no damages were claimed by the exceptant and the payment of damages did not affect his assessment, no harm was done. Thus we held in Levi v. Oakmont Borough, 44 Pa. Superior Ct. 631, that the inclusion of the word "grading" in the petition, although the court had no jurisdiction as to grading, was not fatal as it appeared no grading except such as was incidental to the improvement was done.

The objection to the item of the cost of a sewer may be answered in the same way, as the sewer was paid for by the City of Pittsburgh.

The viewers were right in holding that a prior viewers' report confirmed absolutely was conclusive of the validity of the ordinance under which proceedings were had. It was a judgment of the court and could not be attacked collaterally.

All the assignments of error are overruled and the order of the court is affirmed.