# In re Petition of Pittsburgh.

*Streets — Grading — Paving — Repaving — Assessment against property owners—Ordinance combining repaving with widening of street and new paving.*

While property owners can only be assessed for the cost of original improvement of streets, it is not improper to combine in one ordinance as one improvement provisions for the repaving of a street and the original paving of that portion of its width which is being improved for the first time. If in the assessment of damages thereunder, the whole cost of repaving is charged to the municipality, and property owners are assessed only for the cost of that part of the improvement which is done for the first time, it matters not whether the improvement is called a paving or repaving, and the assessment is valid.

Argued May 3, 1922. Appeal, No. 172, April T., 1922, by David T. Evans, from judgment of C. P. Allegheny County, April T., 1921, Docket "A," No. 1741, confirming absolutely report of viewers in re Petition of the City of Pittsburgh for appointment of viewers to ascertain costs and expenses and assess the benefits arising from grading, regrading, paving, repaving and otherwise improving Mount Oliver Street. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to report of viewers. Before STONE, J.

The facts are stated in the opinion of the Superior Court.

The court below dismissed the exceptions, and confirmed absolutely the report of viewers. David T. Evans, the exceptant, appealed.

*Error assigned* was the order of the court.

*Thomas H. Hasson,* and with him *Charles A. Poth, Charles A. O'Brien* and *George H. Quail,* for appellant.

—The ordinance is invalid as it provides for repaving and regrading at the cost of property owners: Scranton v. Sturges, 202 Pa. 182; Morewood Avenue, 159 Pa. 20; Phila. v. Ehret, 153 Pa. 1; Boyer v. Reading, 151 Pa. 185.

The ordinance is illegal as containing more than one subject: Beechwood Avenue, 194 Pa. 86; Hamilton Avenue, 48 Pa. Superior Ct. 156.

*Harry M. Irons,* Assistant City Solicitor, and with him *Richard W. Martin,* City Solicitor, for appellee.—The ordinance relates to but one subject, the same general improvement: Wilmington Avenue, 213 Pa. 238; Hamilton Avenue, 48 Pa. Superior Ct. 156.

The use of the words "regrading and repaving" does not invalidate the ordinance: Phila. v. Ginhait, 48 Pa. Superior Ct. 648; West Liberty Avenue, 70 Pa. Superior Ct. 348.

OPINION BY KELLER, J., July 13, 1922:

The City of Pittsburgh, by ordinance No. 60, approved March 5, 1920, ordained the grading, regrading, paving, repaving and otherwise improving of Mount Oliver Street from South 18th Street to a point 50 feet north of Loyal Way and provided that the costs, damages and expenses of the same should "be assessed against and collected from properties specially benefited thereby, in accordance with the provisions of the Acts of Assembly of the Commonwealth of Pennsylvania relating thereto and regulating the same."

It appears that some years previously Mount Oliver Street, by proper proceedings, had been graded, paved and curbed and the damages in connection therewith duly adjudicated. Later, the grade was reëstablished and the street widened from thirty to fifty-four feet and the damages occasioned by such widening were duly adjudicated.

The ordinance of March 5, 1920, provided for the improvement of the highway as thus widened. It contem-

plated as parts of one improvement, the grading of the enlarged highway so as to conform to the new grade, including such regrading as was necessary for the portion which had been previously improved, and the paving of the street for the full width, including the repaving of so much thereof as had been paved in connection with the first improvement. It was necessary, or, in any event, advisable to handle it as a single improvement, but in the petition filed by the city for the appointment of viewers the foregoing facts were set forth at length and no attempt was made to assess the abutting properties for any part of the cost of the work which was embraced within the lines of the first improvement; but only for the cost of paving the additional width which had not been improved before: Phila. v. Ginhart, 48 Pa. Superior Ct. 648; Alcorn v. Phila., 112 Pa. 494.

In their report, the viewers found that the total cost of the entire improvement was $58,205.38, of which they assessed $10,351.17, against the abutting properties specially benefited by the improvement, $375 being assessed against appellant's property. They also found that out of the cost of the entire improvement, $3,960 was expended for repaving. In this connection they reported: "This amount has been charged to the City of Pittsburgh and is not assessed against the abutting property as benefits. Nor is any portion of the cost of paving between tracks of Pittsburgh Railway Company and one foot outside included within or charged against abutting property." It thus appears that appellant's property was assessed not otherwise and no more than if the present improvement had been restricted to the grading and paving of the unimproved portion of the street. It was not assessed for any costs to which it should not have been subjected. That being the case appellant has no just ground of complaint because it was necessary or was deemed advisable to do the entire work as a single improvement, under one contract: Wilmington Ave., 213 Pa. 238, 240.

In Phila. to use etc. v. Ehret, 153 Pa. 1, a strip in the middle of Allegheny Avenue had been macadamized under authority of a city ordinance. Afterwards an ordinance was passed for the paving of the entire street with vulcanite pavement. It was held that the abutting property could not be charged for any part of the cost of paving the strip which had been previously improved, but it was not even intimated that it was not legally liable for the cost of paving so much of the street as had not been improved before.

The ordinance contemplated and provided for a single improvement. It was, therefore, not invalid as containing more than one subject, though it included the repaving of a part of the street which had been previously paved: Phila. v. Ginhart, supra; Phila. v. Ehret, supra; West Liberty Ave., 70 Pa. Superior Ct. 348.

Nor was it invalid because it provided that the costs and expenses of the same should be assessed against and collected from the properties specially benefited thereby, "in accordance with the provisions of the Acts of Assembly of the Commonwealth of Pennsylvania relating thereto and regulating the same." Even without this qualifying provision, the procedure for assessing and collecting benefits would necessarily have to be in accordance with and regulated by the laws of the Commonwealth. The City could not lawfully assess any part of the repaving on the abutting property: Hammett v. Phila., 65 Pa. 146; Phila. v. Ehret, supra. But this did not prevent a lawful assessment and collection thereunder of so much of said cost as could be legally assessed against such abutting property, that is, for so much as constituted a first improvement. This is all that was done in the instant case. It matters not whether the improvement was called a paving, as in Phila. v. Ehret, supra, or a repaving, as in Phila. v. Yewdall, 190 Pa. 412, provided the abutting property was not assessed with anything that did not form part of an original improvement.

The order of the court is affirmed at the costs of the appellant.