# Borough of Punxsutawney, Appellant, *v.* Donahue.

*Streets—Extension's of—Proceedings to stay—Assessment of damages—Viewers—Appeals from—Borough Code of 1915.*

On a petition for the stay of proceedings in extending a street pursuant to a borough ordinance duly enacted, it appeared that a portion of the street about to be opened ran through petitioner's land upon which a garage was erected. It also appeared that viewers had been appointed and this report confirmed nisi. The viewers found that the garage had been erected by petitioner after he had notice of the proposed street and that he was not entitled to damages for its removal. The viewers also fixed damages for depreciation of petitioner's property at one hundred dollars and the costs of the removal of the garage at five hundred dollars.

Under such circumstances it was error for the court in dismissing the petition to order the borough, before opening the extension, to pay or tender the petitioner the sum of six hundred dollars.

In such proceeding the question whether the petitioner was entitled to damages was not properly before the court. That question could only be decided upon an appeal from the report of the viewers.

The ascertainment of damages by the viewers is not a condition precedent to the right of entry; there being a valid ordinance, entry can be made before or after appointment of viewers. The right of entry follows upon the approval of the bond by the court and all questions in regard to the right of damages or the amount thereof can be subsequently determined.

Argued April 13, 1927. Appeal No. 118, April T., 1927, by plaintiff from decree of C. P. Jefferson County, October T., 1925, No. 10, and January T., 1926, Execution Docket No. 32, in the case of Borough of Punxsutawney v. William Donahue. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Petition for stay of proceedings in extending a street. Before DARR, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition and ordered the plaintiff to pay or tender the sum of Six hundred dollars to petitioner before extending the street. Plaintiff appealed.

*Error assigned* was the order of the Court.

*W. C. Pentz,* and with him *W. W. Winslow, John J. Pentz* and *Ross H. Pentz,* for appellant.

*Charles J. Margiotti,* and with him *W. M. Gillespie,* for appellee.

OPINION BY TREXLER, J., July 8, 1927:

The Borough of Punxsutawney passed an ordinance, approved August 14, 1923, entitled "An Ordinance for the Extension of Water Street." There was some litigation in regard to the ordinance and this court in 86 Pa. Superior Ct., 337, affirming the lower court, decided that the ordinance was valid. Following this

there was a petition for the appointment of viewers. On January 25, 1926, the report of viewers was confirmed nisi.

On January 15, 1926, Donahue presented a petition to the court, asking for a stay of proceedings, alleging that part of the street about to be opened ran through a portion of his land, upon which was a garage, that the garage had been completed prior to the adoption of said ordinance, that the Borough had issued a writ of habere facias possessionem, that before these proceedings were had, there was an ordinance passed in 1922 in which Water Street was to be extended across Donahue's land that there had been a stay of proceedings allowed by the court and that the matter had never been determined and that this action of the Borough in entering upon his land was in disregard and violation of the former order of court staying all proceedings. The court granted the stay, but afterwards found that the ordinance of August 14, 1923, was a valid exercise of the powers of the Borough and that the authorities of said Borough had the right to open the street, but in this order interjected the following: "subject, however, to the following conditions: Prior to the opening of said extension, the Borough of Punxsutawney shall pay or tender to the said W. M. Donahue the sum of One Hundred ($100) Dollars, damages for depreciation of his property by reason of said extension as found by the Viewers appointed to assess damages and benefits, and the further sum of Five Hundred ($500) Dollars, owing to the removal of the garage erected by said W. M. Donahue and now standing on the line of the said improvement, representing the least expense of the removal and relocation thereof as found by the Viewers; in all the sum of Six Hundred ($600) Dollars. (b) Upon the payment or tender by said Borough to said W. M. Donahue of the said sum of Six Hundred ($600) Dollars, the Borough au-

thorities may require him to remove all obstructions from the line of said extension through his premises; within fifteen (15) days from the date of said tender, and upon his neglect or refusal to remove the same the proper officers of said Borough may do so at his expense. (c) In case the said W. M. Donahue shall refuse to accept the said sum of Six Hundred ($600) Dollars, so as aforesaid paid or tendered to him, then and in that case the rule herein granted shall be discharged without condition, and the said Donahue is hereby relegated to his remedy on appeal from the report of Viewers."

We learn from the opinion filed that the court was led to do this from the fact that the report of the viewers fixed the cost of removing the garage as at least $500, but incorrectly held that Donahue had erected the garage after he had notice of a proposed street across his property and therefore that he was not entitled to damages for its removal. We do not think that this question was properly before the court on a petition to stay proceedings. Donahue's remedy was by taking an appeal and after the presentation of his petition, he protected his interests by so doing. The viewers may have been entirely wrong in the assumption that Donahue had no standing to claim damages for the removal of the garage, but that question can be raised in the issue tried on his appeal. The time when the garage was erected in relation to pre-existing ordinances, if any, that might affect the question, would be matter of fact for the jury under proper instructions from the court.

If no appeal were taken or exceptions filed to the viewers' report, Donahue would receive only the amount found by the jury as damages for the taking of his land. The court could not take the amount which the jury found to be the cost of the removal of the garage and compel the Borough to make a tender of

this amount.  All the Borough was required to do in order to satisfy any claims arising from the report of the viewers if finally confirmed, would be to pay the $100 found to be due Donahue.  If Donahue appealed, the Borough was still in a position to question the amount at the trial of the case in court.  The failure of the Borough to appeal was not an admission that they owed $500.

We need not discuss at any length the question as to whether the Borough had the right to enter after filing bond.  The entry of the bond and approval of it by the court and the issuing of a writ of possession were all in accordance with the provisions of the Borough Code of May 14, 1915, P. L. 312, Sections 3, 4 and 5, Article I, Chapter VI.  The ascertainment of damages by the viewers is not a condition precedent to the right of entry; there being a valid ordinance, entry can be made before or after the appointment of viewers, Section 3, Article II, Chapter VI.  The right of entry follows upon the approval of bond and all the questions involved in regard to the right of damages or the amount thereof can be subsequently determined. The 3rd Section, Article I, Chapter VI, above referred to provides that after the approval of the bond ''The Borough shall have the right to immediate possession of the property.''  There is no reason why there should be resort to any extraordinary remedy to secure the payment of damages when the regular course of procedure affords ample means.

The assignments of error are sustained, the order of the lower court is reversed and the rule to stay proceedings is discharged, the appellee to pay the costs.