## Brubaker et al. v. Blair County Poor District.

*George G. Patterson,* for plaintiffs; *Hays W. Culp,* for defendant.

PATTERSON, P. J., July 16, 1930.—The plaintiffs being lower riparian owners of land through which Spencer Run flows in the Township of Allegheny, Blair County, Pennsylvania, filed their petition for appointment of viewers to assess damages for the taking and appropriating of the water of said run by defendant, as provided by the General Poor Relief Act of May 14, 1925, P. L. 762, section 707. The viewers visited the premises, held hearings and made a report of their findings to the court on January 13, 1930. Exceptions were filed thereto, and by agreement of counsel representing all parties in interest the court referred said petition back to the viewers for more specific findings of fact and conclusions of law, the decree as agreed to and submitted by counsel being as follows:

"Now, March 3, 1930, by agreement of George G. Patterson, counsel for plaintiffs, and Hays W. Culp, counsel for defendant, the exceptions to the above reports in the above stated cases are sustained, and the court does hereby direct that the reports of viewers in the respective cases be referred back to said viewers, with directions to amend the several reports by preparing and filing supplemental reports in each case, which shall set forth in brief and concise paragraphic form material findings of fact and conclusion of law, together with a statement of the amount of damages or benefits assessed. It being agreed by counsel that the viewers need not attach plans showing the properties affected, and it is also agreed that this decree shall be filed to each of the above numbers with the same effect as if a separate decree had been made in each case. The said viewers are directed to file such supplemental reports within fifteen days from the date hereof."

The supplemental report was duly filed and confirmed *nisi* March 24, 1930, to which exceptions (to be considered as filed to each case in accordance with the above quoted decree) were filed April 28, 1930.

In the first exception defendant complains that the viewers failed to find that the waters of Spencer Run had been appropriated more than thirty years before the filing of this petition. In the second exception defendant states that the viewers erred in finding "that the defendant has not condemned the water of Spencer Run, nor has defendant acquired title to the water by grant." In the third exception defendant avers that the viewers erred in finding as a fact that "the defendant has been using one-third of the present supply for more than twenty-one years." Concluding paragraphs contained in the exceptions are to the effect that the viewers' conclusions of law are in error and that they should have found as a fact that all of the water of said stream was appropriated more than thirty years before the filing of the petition, and that the report, therefore, is not based upon the facts as proven and admitted by the parties.

These exceptions and averments of error will be considered together. From our examination of the original and supplemental reports and the exceptions filed thereto we find that the defendant charges the viewers with failing to find as a fact its contention that the defendant has the rightful ownership of the waters of Spencer Run by prescription. That is, that they have been in continuous, peaceable, adverse and uninterrupted possession of all said waters for more than twenty-one years before the filing of this petition. We know of no rule, however, that permits a court of common pleas to direct the finding of any particular fact by a board of viewers. To do so would be to usurp the power and authority of such viewers. In fact, it would nullify the very purposes for which the viewers are appointed. The viewers in the present case have found that one-third of the flow of this stream is now and has been owned by right of prescription by the defendant, but that a two-thirds part of the stream has never been acquired by prescription, grant or condemnation. It appears that the defendant appropriated a part of the water as early as 1894, but that in 1916 and 1917 and again in 1927 defendant county poor district constructed further improvements to the then existing water plant, as a result of which practically all of the waters of said run are now consumed by the defendant. Where either party is dissatisfied with the findings of fact or the report of viewers, the proper procedure is either to file exceptions or to take an appeal, or both.

Section 709 of the Act of May 14, 1925, P. L. 762, 776, provides as follows:

"Upon the filing of the report of said viewers, or any two of them, either party may within thirty days thereafter file his, her or their appeal from the said report to the court, and after such appeal either party may put the cause at issue in the form directed by said court, and the same shall be tried by said court and jury, and after final judgment either party may have an appeal to the Supreme or Superior Court, in the manner provided in other cases. . . . If any exceptions be filed with any appeal to the proceedings they shall be disposed of, and if allowed, a new view shall be ordered and if disallowed, the appeal shall proceed as before described."

The Act of June 23, 1911, P. L. 1123, section ten, provides as follows:

"The proceedings by way of exception, appeal, and otherwise, upon filing reports of said board of viewers, shall be in all respects the same as those provided under existing laws in the case of appeals from viewers, reviewers, re-reviewers, juries of view, road juries, or commissioners of view."

These exceptions cannot be sustained, for the reason that findings of fact by a board of viewers are not reviewable by a court upon exceptions either under the old law or the Act of June 23, 1911, P. L. 1123. Testimony taken by viewers is not a part of the record and cannot be considered in a review by the court: West Liberty Avenue, 70 Pa. Superior Ct. 348; Tionesta Township Road, 44 Pa. C. C. 685; Ohio and Ross Township Road, 166 Pa. 132.

Where interested parties are not satisfied with the findings of fact contained in the report of viewers they have a right within a limited time to an appeal to the court of common pleas, where the cause will be tried before a jury de novo.

In the case of Punxsutawney Borough v. Donahue, 91 Pa. Superior Ct. 85 (quoting from the syllabus), it is held: "In such proceeding the question whether the petitioner was entitled to damages was not properly before the court. The question could only be decided upon an appeal to the board of viewers."

The extent of the prescriptive right was the only legal question before the viewers and at present before the court. The plaintiffs concede that the defendant district originally acquired an adverse right to about one-third of the water and this contention is upheld by the viewers. The viewers found as a fact that the remaining portion of the water was appropriated in later years and within a period of twenty-one years and that, therefore, as a matter of law no prescriptive right has ever accrued to defendant district for the part taken within a period of twenty-one years. It is the contention of the defendant district that by taking a part of the water by adverse user in the years 1894 and 1898 the use of all the stream was acquired. The viewers refused to accept this conclusion of law. And in this respect we believe the report to be correct. We know of no rule of law which would give an adverse user of one-third of the stream the right to claim the whole of the flow of said stream by prescription at any time after the original taking. The rule of law is that an adverse taking applies only to that portion of the property, whether it be land, easement, right of way, or water right, which has been actually appropriated and used for a period of twenty-one years. And the use must be uninterrupted, exclusive, hostile and definite.

In Messinger's Appeal, 109 Pa. 285, 289, it is held:

"The time from which the period is to be reckoned in computing the duration of a continuous enjoyment is when the injury or invasion of the right begins, and not the time when the party causing it began that which finally creates the injury."

The Superior Court, in Irving v. Media, 10 Pa. Superior Ct. 132, and the Supreme Court, in the same case, reported in 194 Pa. 648, construe the law in a case very similar to the one now under consideration in the following language (quoting from the charge of the trial judge in 10 Pa. Superior Ct. 146):

"I can only say that if you find that the defendants take no more water from this stream than they took twenty-one years ago, then it would be a defense. If you find that they have taken more water and by different means and more powerful pumps, and by an extension of their works, than they did twenty-one years ago, and that has resulted in an injury to the plaintiff, then it is only a defense so far as a reasonable allowance should be made for what they took twenty-one years ago is concerned."

And later, President Judge Rice, speaking for the court, added: "We are of opinion that this was a substantially correct statement of the law applicable to the facts of the case being tried."

The matters complained of in the several exceptions to the findings of fact and conclusions of law as contained in the supplemental report of the viewers are matters that could have been tried upon appeal from the award of viewers by either of the parties and are not properly before the court in the form of exceptions. The exceptions are, therefore, dismissed, and the findings of fact and conclusions of law by the board of viewers and their supplemental report are hereby approved and confirmed absolutely. This opinion and decree to be filed in each case with the same effect as if a separate decree had been made in each case as provided in agreement of counsel dated March 3, 1930, and fully set forth in the first part of this opinion.

From Robert W. Smith, Hollidaysburg, Pa.