## In re Unopened Portion of Lancaster Avenue

*Frazier & Frazier*, for petitioner.

MACNEILLE, J., December 20, 1937.—We are considering petitioner's rule on the viewers to show cause why they shall not proceed with hearings.

On April 7, 1936, the petitioner asked the appointment of a board of view, and such board was designated by the court and proceeded with hearings. The board, however, discontinued its hearings, apparently because it believes that its right to do so was affected by an Act of Assembly

passed on April 28, 1937, P. L. 473, which provided, inter alia, that in counties of the first class a board of view shall be appointed from among the members of the Board of Revision of Taxes instead of from the Board of Viewers as heretofore. The Supreme Court has passed upon the constitutionality of that act, and on July 7, 1937, held it to be constitutional.

In this case the viewers have declined to proceed and the petitioner and others similarly situated are unable to have their matters brought to a conclusion.

Petitioner's rule presents to us this question: Where a board of view has been designated by the court in accordance with section 9 of the Act of June 23, 1911, P. L. 1123, has it power to order such board to proceed with the hearings, if in the board's judgment it should not do so?

We do not believe that we have this authority. While the Act of April 28, 1937, P. L. 473, does not treat directly of this matter, it does so indirectly, because it is an amendment to the Act of 1911, supra, and has not repealed section 9 of the act which provides:

"In case of failure of any board to file such report, for any reason, a new board of view shall be appointed in the way provided in the original appointment."

Section 5 of the Act of 1911, supra, as well as section 1 of the Act of 1937, supra, has the following:

"In case of vacancies in a board of view appointed in any case, and before its final action, the court which appointed the board may fill such vacancies in the board by the appointment of other members of the board of viewers."

We believe that if the board as now constituted refuses to proceed with the hearings, the only authority this court has is to appoint a new board in accordance with the acts of assembly.

The petitioner assumes that the court has authority to direct the conduct of the board and to control its procedure. We have no such authority. It is true that the

act of assembly has at all times conferred upon the courts the duty and authority to name the board, but it is also true that provision has been made that an appeal may be taken to the court from the final action of the board, or that exceptions may be taken to the board's report. It is not true that the court has authority to pass upon questions of law from time to time and issue its directions to the board.

While it might be desirable to expedite these proceedings, we cannot do so without legal authority. It is unfortunate that a great deal of time has been spent by the viewers in making their examinations and taking testimony, but were we to order them to proceed against their will, and they did so, their proceedings might ultimately prove to be without the force of law, and they themselves might be obliged to render their service without compensation. If in their judgment they should proceed, and all the parties involved agree with them, and the report is made to the court, the question may then be raised as to the propriety of their conduct in proceeding after the passage of the Act of 1937, supra. Therefore, it is a matter in which they must exercise their judgment. If they should not proceed, it seems to us that the only remedy is for the court to appoint other viewers in the manner now provided by law. Upon the appointment of another board, it may be that it, with the consent of all the parties concerned, could make use of the great quantity of testimony which has been taken by the present board, thus avoiding the extra expense and loss of time in hearing the witnesses again. This must depend upon agreement of the city and the other parties, and cannot be ordered by the court.

The Supreme Court has never approved of the courts taking short cuts for the sake of expediency where there was no authority to do so. See Lackawanna Mills et al. v. Scranton Gas & Water Co., 277 Pa. 181, Davis v. Pa.

42

R. R. Co., 43 Pa. Superior Ct. 119, and Borough of Punxsutawney v. Donahue, 91 Pa. Superior Ct. 85.

For the foregoing reasons, we are not deciding the questions of law involved in this litigation, but only that we are without jurisdiction to decide the question at this time.

Therefore, the rule is dismissed without prejudice to the rights of the petitioner to file a petition for the appointment of a new board in accordance with section 9 of the Act of 1911, supra, if the board continues to refuse to act.